By the Court, Bronson, J.
The defendant offered to show that the widow had accepted the provision made for her by the will, and the question is, whether that can be regarded as a 'collateral satisfaction for her dower.
A testamentary provision for the wife is deemed a gratuity or benevolence, which she may take in addition to her dower, unless the testator has plainly manifested a different intention, as by saying that the gift is in lieu or bar of dower. Express words will not, however, be necessary, if the claim of dower is so utterly inconsistent with the terms of the will, that the widow cannot have both gift and dower without breaking up the testator’s plan of disposing of his estate. In such a case she may be put to her election. But the mere fact of devising lands to another, does not prove that the husband intended to bar dower in those lands. He may have intended that the devisee should take subject to dower. It is not necessary that he should say so, because the law says it for him. So if he direct the lands to be sold and the proceeds to *208 be distributed, that does not prove that he meant to bar dower. He may have intended that the purchaser should take subject to the legal rights of the widow. Indeed, such is presumed to be his intention until the contrary appears. Dower is a legal right over which the husband has no direct control. He may offer something else in lieu of it, which, if accepted, will be a bar. But if he make a provision for the widow, either in lands or money, saying nothing about dower, the presumption is that he intended it as matter of bounty. This doctrine will be found to be fully sustained by the cases mentioned at the bar, and the other books to which those cases refer. I need not go over them.
Now what is this case? The testator gave all his estate, real and personal, to his wife for life, or during widowhood, with a remainder to his children. The widow entered and held the land until her second marriage. She has enjoyed the provision made for her by the will, and what hinders that she should now have the provision made for her by the law? The testator has not forbidden it. Trae, he has given the land to the children after her death, or “if she should marry again;” but he has not said that the children should take it discharged of dower. Her claim is no more inconsistent with the will than it would be in any other case, where, after making a provision for the wife, the testator has given lands to another, without saying any thing about dower; and we have seen that in such a case the widow shall have dower, in addition to the provision rnadp by the will. The cases of Allen v. Pray, (3 Fairfield, 138,) and Reed v. Dickerman, (12 Pick. 146,) although they were decided the other way, are nevertheless authorities in support of this position; for they turned upon the local law, and are admitted to be departures from the common law rule.
New trial denied.